RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  08 / 01 / 05
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RICKY SEWELL | CIVIL ACTION NO. 05-0885-M |
| VS. | SECTION P |
| WARDEN, CLAIBORNE DET. CENTER | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed by *pro se* petitioner Ricky Sewell on May 10, 2005. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana where he is serving multiple hard labor sentences imposed following his January, 2004 convictions for five counts of distribution of cocaine in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition and its accompanying memorandum and exhibits, along with the presumptively reliable published jurisprudence of the State of Louisiana establish the following facts:

1. On January 7, 2004, petitioner was convicted of five counts of distribution of cocaine in the Fourth Judicial District Court. [Doc. 1, paragraph 1]

2. On February 27, 2004 he was sentenced to serve five years on each count – the

sentences imposed on three counts were made consecutive and the sentences on the remaining two counts were ordered to be served concurrently with the sentences on the first three counts. [Doc. 1, paragraph 3]

3. Petitioner appealed his conviction to the Second Circuit Court of Appeal. On March 2, 2005 the convictions and sentences were affirmed. See *State v. Ricky Sewell*, 39380 (La. App. 2d Cir. 3/2/05), 894 So.2d 1286.

4. Petitioner either did not seek further direct review in the Louisiana Supreme Court, or, if he did, his writ application is still pending since a review of the presumptively reliable published jurisprudence of Louisiana's Supreme Court reveals no litigation involving the petitioner.

5. Petitioner filed at least one Application for Post-Conviction Relief in the Fourth Judicial District Court. That application was apparently denied on March 16, 2005. [Doc. 1, paragraph 11(a)] Thereafter he applied for writs in the Second Circuit. That application is still pending. [Doc. 1, paragraph 11(b); paragraph 14] Petitioner has not sought post-conviction review in the Louisiana Supreme Court. [See Doc. 1, paragraph 11(d)]

6. Petitioner's habeas corpus petition was signed on May 7, 2005 and filed herein on May 10, 2005.

## LAW AND ANALYSIS

Section 28 U.S.C. §2254 states, in part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that —</u>
> (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or

(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

* * *

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the

highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented <u>any</u> of his federal *habeas* claims to the Supreme Court of Louisiana. Therefore, it is clear that since the Louisiana Supreme Court has not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims, those claims remain unexhausted.

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff[1]), he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Moreover, since the

---

[1] Petitioner suggests that he should be excused for not seeking review in the Supreme Court because, "Due to the inability to receive a fair ruling for even a hearing, petitioner feels biasdness [sic] towards his case circumstances..." [Doc. 1, paragraph 11(e)]

present petition raises <u>only unexhausted claims</u>, the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber*, --- U.S. ----, 125 S.Ct. 1528, --- L.Ed.2d---- (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

6

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 15th day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE